THE CENTRAL PACIFIC RAILROAD COMPANY OF CALIFORNIA *v.* THE BOARD OF EQUALIZATION OF PLACER COUNTY.

Return to Writ of Certiorari.—A Clerk of the Board for the Equalization of Taxes, in answer to a writ of certiorari requiring the Board to certify the proceedings had before them in relation to equalizing the value of property, can return only a transcript of such documents, orders, etc., as remain of record or on file in his office. It is not made the Clerk's duty to take down or preserve the evidence.

Idem.—If the Board for the Equalization of Taxes do not take down and preserve the evidence in a matter of equalization of a tax, and have the same filed with their Clerk, the evidence cannot be certified by the Clerk in his return to a writ of certiorari.

Evidence before Board of Equalization.—The statute does not require the Board of Equalization to take down or preserve the evidence taken before them, nor does it make any provision for settling a statement of a trial before them, or

a bill of exceptions taken during its progress ; but doubtless some mode might be adopted to authenticate the evidence when required on appeal.

CERTIORARI to the Board of Supervisors of Placer County, sitting as a Board for the Equalization of Taxes.

The Central Pacific Railroad of California, starting from Sacramento on its way east, passes through the County of Placer. The Treasurer of the company, in the spring of 1866, reported to the Assessor of Placer County forty and a half miles of railroad in said county liable to taxation, and estimated its value at six thousand dollars per mile, making a total value of two hundred and forty-three thousand dollars. The Assessor assessed the road at that amount. On the complaint of the District Attorney, the Board for the Equalization of Taxes raised the tax to six hundred and seven thousand five hundred dollars. The railroad company appeared by its attorneys before the Board on the proceeding to equalize the tax, and a large amount of evidence was taken. The same was not taken down or preserved. The Clerk in his return did not embody the evidence.

The other facts are stated in the opinion of the Court.

*Robert Robinson*, for Petitioner.

*Hale & Fellows*, and *E. L. Craig*, for Respondents.

By the Court, RHODES, J. :

The writ in this case required the Board to certify the proceedings had before them, relating to the equalizing of the valuation of the property of the railroad company, and all things touching the same, as fully and entirely as the same remained before them, " and also the orders, process, judgment proceedings and evidence therein." The return was made by the Clerk of the Board, who certifies that the same is a full, complete and true transcript of all the matters required by the writ to be certified, " as the same are and remain of record

and on file " in his office.   The petitioner moves for a further return to the writ, on the ground that the return already made is defective, because it does not contain the evidence on which the Board acted, in increasing the valuation of the property. It is not asserted that the evidence produced before the Board was taken in writing, or that it was preserved in any manner whatsoever, or is to be found in any document under the control of the Board or their Clerk.   The writ is directed to an inferior tribunal, Board or officer exercising judicial functions, and section four hundred and fifty-eight of the Practice Act provides that " when directed to a tribunal, the Clerk, if there be one, shall return the writ with the transcript required." The Clerk can return a transcript only of such documents, orders, etc., as remain of record or on file in his office.   It is not made his duty to take down or preserve the evidence in a matter of equalization.   Nor is the Board required to preserve the evidence ; nor is any provision made for the settlement of a statement or a bill of exceptions; but doubtless some convenient and proper mode might be adopted for the preservation and authentication of the evidence, when it was desired to have the proceedings reviewed.   Nothing of the kind seems to have been done in this case, and consequently the evidence cannot be certified to this Court.   The statute prescribes the mode of procedure in a writ of certiorari, and it contains no provision requiring the inferior tribunal to prepare a statement of the evidence to be annexed to the return, in any manner analagous to that required of a Justice of the Peace under the practice formerly prevailing in the State of New York, when it was desired to have his proceedings reviewed by the Court of Common Pleas.   There is no case under our system of practice, in which the evidence in a cause or proceeding goes to the appellate Court, unless the parties interested have prepared a statement or bill of exceptions and had it settled in proper time and manner.

Motion denied.

Statement of Facts.

Mr. Chief Justice CURREY and Mr. Justice SANDERSON dissenting:

We dissent. (*Blair* v. *Hamilton, ante,* 49; 14 Cal. 479; 15 Cal. 300.)