## CENTRAL PACIFIC RAILROAD COMPANY *v.* THE BOARD OF EQUALIZATION OF THE COUNTY OF PLACER.

RETURN TO WRIT OF CERTIORARI.—A writ of certiorari, issued out of this Court, was directed to the Board of Equalization of Placer County, to the end of determining whether, in the matter of the equalization of the assessment, for the purposes of taxation, for the year 1866, of certain of the property of the railroad company, the petitioner, the Board, when exercising judicial functions in said matter of equalization, had exceeded its jurisdiction ; and commanded the Board to certify up the said suit and proceedings, with all things touching the same, as fully and entirely as they remained before it, by whatever name the parties might have been called therein ; also, the orders, process, judgments, proceedings and *evidence* therein, annexed ; to which a return had been made by the Clerk of the Board, containing, according to the certificate of the Clerk, a full, true, and correct transcript of the said records and proceedings of and concerning the said suit and proceedings, with all things touching the same, as fully and entirely as the same remained before said Board : also, of all orders, process, judgments, proceedings, and evidence therein, and therein and thereto annexed, as fully as the same were and remained of record and on file in the office of the Board and of said Clerk of the Board—which return, however, did not contain *any evidence* received by said Board ; whereupon, without any showing, other than said writ and return, the petitioner moved, in this Court, for a further writ, requiring the certifying up of the evidence adduced to and received by the Board, on which the said judgments and orders of equalization had been made. The said return disclosed that witnesses had been examined and evidence received from them by the Board, of and concerning the value of said property, and that its value was thereby proven to be of a sum stated greater than that for which it had been assessed, to which increased valuation it was equalized for said purpose : *held,* that said motion should be denied.

IDEM.—By the four hundred and fifty-eighth section of the Practice Act, it is required that when the writ of certiorari is directed to a tribunal, the Clerk, if there be one, shall return the writ with the transcript required. The Clerk can only return a transcript of such documents, orders, judgments, proceedings, etc., as remain of record, or on file in his office.

IDEM.—The statute authorizing and prescribing the mode of equalization, does not require the taking down, or the preservation in any manner, of the evidence on which equalization may be made by either the Board or Clerk of the Board. Neither does the statute prescribing the mode of procedure in a writ of certiorari, require the inferior tribunal to prepare a statement of the evidence to be annexed to the return.

In the Supreme Court of the State of California.

The petitioner filed, in the Supreme Court, its petition, setting forth its ownership of certain property situated and being, in the year 1866, in Placer County, consisting in part of forty and one half miles of railroad. That the same was of the value of four hundred and thirty-seven thousand five hundred and twenty-three dollars and twenty-one cents only; that petitioner, within the time in said year and in the manner prescribed by law, listed said property at said valuation to the proper Assessor, who lawfully assessed the same at said valuation, of which assessment he made due and lawful return. That thereafter, in said year, the Board of Supervisors of said county, sitting as a Board of Equalization, after complaint made under oath that said valuation was too low, and that the true value thereof was one million two hundred and fifty thousand dollars; and after citation duly issued and served, the petitioner appeared and made answer to said complaint, among other things, denying the truth of said complaint, and further pleading that said Board had no power or jurisdiction to hear and determine the same. That thereupon, said Board examined divers witnesses at the request of the complainant and petitioner, who gave evidence of and concerning the true value of said property. That, in the course of said trial, there was a large amount of evidence given in behalf of complainant which was wholly irrelevant, incompetent, and illegal, to all of which the petitioner at the time duly objected, and to its admission excepted. That, aside from said illegal evidence, there was no evidence given before said Board proving or tending to prove the truth of the matters averred in said complaint, but on the contrary, competent evidence was given proving the truth and correctness of said assessment. The petition contained a statement, alleged therein to be a true statement of all of said evidence. The petition further alleged, upon grounds therein set forth, that said Board had in fact no

45

power or jurisdiction to hear, try, or determine the matters set forth in said complaint, and concluded with a prayer for a writ of certiorari to issue to said Board.

Thereupon, a writ was issued and directed to and commanding said Board to certify up to the Supreme Court for review, the said suit and proceedings, with all things touching the same, as fully and entirely as they remained before it, by whatever name the parties might have been called therein; also, the orders, process, judgments, proceedings, and evidence therein, annexed.

To this writ a return was, in due time, made by the Clerk of the Board, which contained, according to the certificate of said Clerk, a full, true, and correct transcript of the said records, and proceedings of and concerning the said suit and proceedings, with all things touching the same, as fully and entirely as the same remained before said Board; also, of all orders, process, judgments, proceedings, and evidence therein and thereto annexed, as fully as the same were and remained of record, and on file in the office of said Board and of said Clerk of the Board. The return, however, did not contain any evidence received by the Board, but disclosed the facts, that witnesses had been examined and evidence received from them by the Board, of and concerning the true value of said property, and the Board had decided and adjudged, *as proven* by said evidence, that the true value of said property was greater than the said sum at which it had been assessed, and was of the true value of six hundred and eighty thousand five hundred and twenty-three dollars, to which latter sum it was fixed and equalized for the purposes of taxation in said year.

Upon the coming in of said return, petitioner moved this Court, without any showing therefor other than said writ and return, for a further writ, requiring the certifying up of the evidence adduced to and received by the Board on which said judgments and orders of equalization had been made. The opinion of this Court is in decision of said motion.

*Robert Robinson,* for Petitioner.

This is a motion to compel a return of the evidence taken before the Board of Supervisors, acting as a Board of Equalization, which motion is based upon three grounds :

First—That the jurisdiction of the Board of Equalization depends upon the evidence offered as to what property was considered in raising the assessment.

Second—That the Board could have no jurisdiction without evidence being given and received. .

Third—That unless the evidence is returned, the Court must necessarily reverse and set aside this action, on the ground that they had no jurisdiction.

Upon the first point, we refer to the statute. (Hittell's Digest, Art. 6,452.) This Court has decided that the Board of Equalization cannot, under the Revenue Act of 1861, add to the valuation of property as fixed by the Assessor, without evidence authorizing them to do so. (*People* v. *Reynolds,* 28 Cal. 108.) There is no mode pointed out by law for an appeal or review of the proceedings of the Board of Equalization, unless it can be reached by certiorari. A bill in equity and for injunction is not the proper remedy. It should be reached by certiorari. (*Magee* v. *Cutler,* 43 Barb. 239.) In such proceedings the common law writ of certiorari brings up the whole proceedings for review, when they can be affirmed or set aside and quashed. (Ib. 239.) Such writ will bring up, as part of the record, whatever entered into or was necessarily passed upon in the decision of the question sought to be reviewed. (Ib. 249.)

This question, both upon the return of the evidence under the writ, and the question of jurisdiction arising thereupon, has been frequently decided, and the doctrine is now well settled that the writ does bring the evidence, and in the absence of the evidence, or if the evidence does not sustain the jurisdiction, the proceeding will be quashed. (*King* v. *Chandler,* 14 East. 267 ; *King* v. *Crisp,* 7 East. 389 ; *Rex* v. *Smith,* 8 Term R. 588 ; *Rex* v. *Clarke,* 8 Term R. 220 ; *Rex*

v. *Loyd*, 2 Strange, 996 ; 2 Lord Rey, 1,375 ; *Rex* v. *Tweed*, 2 Strange, 919.) So far as the evidence applies to the jurisdiction of the inferior tribunal, I think this Court has fully decided that in a proper case' it should be returned for that purpose. (*The People* v. *Whitney*, 14 Cal. 500.) The rule laid down in *The People* v. *The Judges of Dutchess*, 23 Wend. was fully considered and overruled in *Mullins* v. *The People*, 24 N. Y. 403. Upon a common law certiorari, issued for the purpose of reviewing the proceedings of an inferior tribunal, so much of the testimony should be returned as bears upon the question of jurisdiction over the subject matter in controversy, and over the person of the parties, and the question of jurisdiction will be returned upon the evidence so returned. (*People ex. rel. Bodine* v. *Goodwin et al.*, 1 Seld. 568.

The true test as to whether the writ of certiorari is the proper remedy, is, will the party be concluded of a right in the premises ? (*Starkwether* v. *Seely*, 45 Barb. 164.) Unless the question can be reviewed upon certiorari, the petitioner is concluded of a right; as by article six thousand one hundred and seventy-two of Hittell's Digest, organizing the Board of Equalization, their decision is final.

*Hale & Fellows*, and *E. L. Craig*, for the Board of Equalization.

This is an application by petitioner for a further return to the writ, upon the ground that the return already made is *defective*. The alleged defect consists, in the absence of the evidence, (as distinguished from the *proofs* or *results* of the evidence,) upon which the action of the Board was based ; and we presume is made upon the authority of article five thousand three hundred and ninety-seven, Hittell's Digest, volume two. In resistance of the motion, we say :

First—That the present return is as full and ample as the same can be made.

Second—That the present return to the writ is not defec-

tive, but is ample and sufficient to enable this Court to determine whether the Board regularly pursued its authority in the matter brought under review by the writ.

Article five thousand three hundred and ninety-two, volume two, Hittell's Laws, provides that: " The writ may be directed to the inferior tribunal, Board, or officer, or to any other person having the custody of the record or proceedings to be certified. When directed to a tribunal, the Clerk, if there be one, shall return the writ with the transcript required." From this, it is clear that no return is required except such as the Clerk of the Board is enabled to make; and the law seems to contemplate that the return shall, *in every instance*, be made by the Clerk of the tribunal, if there be one, however the writ may be directed. As to the *ability* of the Clerk of the Board, who is the custodian to do this, we submit:

First—That the present return by the Clerk positively certifies that he has returned *all* things required in the writ, as fully as the same exist and remain of record, etc., in his office.

Second—That the terms of the section quoted clearly indicate that the record and proceedings, which it is made the duty of the Clerk to certify, *must* consist of something not resting in remembrance merely. They must consist of some kind of *writing*, else how could the Clerk be their " custodian?" how make a " transcript?" or how could they be " certified?"

If, however, the Board of Equalization, instead of the Clerk, or the Board in conjunction with the Clerk, should be required to return the demanded evidence, we submit that exactly the same difficulty would be encountered. Still, there would be nothing of which a " transcript " could be made, or to be " certified " to, within the meaning of the statute.

In support of our second proposition, we say :

First—The law requires only that a record be made of everything done by the Board of Equalization in the per-

formance of its duties, a knowledge of which is necessary to enable this Court to determine whether or not respondent has exceeded its jurisdiction.

Second—That the present return to the writ shows all the requirements of the law in this regard to have been fully complied with by respondent.

Hittell's Digest, section two, article six thousand nine hundred and seventy-five, provides that : " The Clerk shall keep a full and complete record of all the proceedings of the Board, [Board of Supervisors,] and all their proceedings shall be entered on the records ; and the vote of each member, on every question when there is any division, shall be entered in the record. The record of proceedings shall be signed by the Chairman of the Board and the Clerk." This rule is equally applicable to the proceedings of the Board of Equalization. Section two, article six thousand nine hundred and eighty-one : " The Board of Supervisors shall act as a Board of Equalization in their respective counties, and shall * * * hear and determine any objections to assessments of property, and may reduce or equalize the valuation, * * * and they may increase the assessed value of any property, * * * whenever they believe it to have been assessed at less than its actual value."

For a more full exposition of the powers of the Board of Supervisors when acting as a Board of Equalization, and of what proceedings a record is required to be kept by the Clerk, see Hittell, volume two, article six thousand three hundred and four : " The Supervisors of the county shall constitute a Board of Equalization, of which Board the Clerk of the Board of Supervisors shall be Clerk. * * * The Board of Equalization shall have power to determine such complaints only as shall be made to them upon sworn statements in writing, in regard to the assessed value of any property, and may change and correct any such valuation, either by adding thereto or deducting therefrom, if the sum fixed in the assessment roll is *proven* to be too small or too great," etc. For a full judicial exposition of the last named

section we refer to *The People* v. *Reynolds*, 28 Cal. 111, 112. The statute does not require or contemplate that there shall be a record made by the Clerk and kept by the Board of all or any of the evidence upon which the Board shall base its decisions in respect to the value of the property to be equalized. The requirement is only that "the Clerk shall keep a full and complete record of *the proceedings of the Board;* and all their proceedings shall be entered on the record," etc. Under this rule, it is sufficient if the record shows that the property was such that the Board had jurisdiction of the matter of its equalization; that the requisite complaint was made; that petitioner had sufficient notice of the complaint and of the time of hearing upon it; that upon petitioner's appearance he was duly informed of the matters contained in the complaint, and had opportunity to answer the same; that, upon the hearing, evidence was adduced and received by the Board, showing the averments of the complaint in respect to the value of the property described, were true; that the proofs, *i. e.* the results, of the evidence so adduced were, that the valuation of the property, as fixed by the Assessor, was too small, and that it was of the value as the same was fixed by the Board by way of equalization; that the Board did determine this new valuation for the purpose of taxation, as the result of the proofs so adduced of the actual value of the property; and that this record is duly authenticated by the signing of the same by the Chairman and Clerk of the Board. (28 Cal. 111.)

We are aware that it was held—and we admit correctly— in *Whitney* v. *The Board of Delegates, etc.,* 14 Cal. 500, and in cases there cited, that the evidence should be certified " *when necessary to determine any question of jurisdiction;*" *i. e.* any preliminary fact on which the acquisition of jurisdiction depends. (Ib. 500, 501.) But no question is made on this motion as to the *acquisition* of jurisdiction by the Board over the petitioner, and the subject matter, the demanded evidence, but solely to the motions of the Board within its clearly acquired jurisdiction. Now, upon this

state of facts, the rule stated in the case last cited is applicable and decisive, to wit : " Inferior magistrates, when required by writ of certiorari to return their proceedings, must show affirmatively that they have authority to act; and where, as in the present case, their authority and jurisdiction depend upon a fact to be proved before themselves, and such fact be disputed, the .magistrate must certify the proofs given in relation to it, for the purpose of enabling the higher Court to determine whether the fact be established. The decision of the magistrate in relation to all other facts is final and conclusive, and will not be reviewed on a common law certiorari." (Ib. 501.)

Petitioner, in his brief, attempts to make out a case in opposition to the foregoing statement of the rule, upon the authority of *King* v. *Chandler*, 14 East. 267 ; *King* v. *Cross*, 7 East. 389; *Rex* v. *Smith*, 8 Term, 588; *Rex* v. *Clark*, 8 Term, 220 ; *Rex* v. *Loyd*, 2 Strange,·996 ; *Rex* v. *Tweed*, 2 Strange, 920 ; and *Mullens* v. *The People*, 24 N. Y. 403. But it will be perceived, on examination of those cases, and from a review of the English cases cited, and of the question generally, in *Mullens* v. *The People*, 24 N. Y. 403, that by the terms of positive law, or a custom having the force of law, it was necessary for the English Justices to incorporate in their records of proceedings and judgments in the class of cases under review, as a necessary part of the same, to establish their validity, *all the evidence* upon which their conclusions of fact were based. To invoke the rule of decision, therefore, adopted in those cases, for application to this, it would be necessary to show that the law required such Boards to incorporate in their records of proceedings, to be made and kept by their Clerks, all the *evidence* upon which their decisions were based. We have already seen that no such requirement is contained in the statute.

By the Court, Rhodes, J. :

The writ in this case required the Board to certify the proceedings had before them relating to the equalizing of the valuation of the property of the railroad company, and all things touching the same, as fully and entirely as the same remained before them, "and also the orders, process, judgment, proceedings, and evidence therein." The return was made by the Clerk of the Board, who certifies that the same is a full, complete and true transcript of all the matters required by the writ to be certified, "as the same are and remain of record and on file" in his office. The petitioner moves for a further return to the writ on the ground that the return already made is defective, because it does not contain the evidence on which the Board acted in increasing the valuation of the property.

It is not asserted that the evidence produced before the Board was taken in writing, or that it was preserved in any manner whatsoever, or is to be found in any document under the control of the Board or their Clerk. The writ is directed to an inferior tribunal or Board exercising judicial functions, and section four hundred and fifty-eight of the Practice Act provides, that "when directed to a tribunal, the Clerk, if there be one, shall return the writ with the transcript required." The Clerk can return a transcript only of such documents, orders, etc., as remain of record or on file in his office. It is not made his duty, or that of the Board, to take down or preserve the evidence in a matter of equalization; nor is any provision made for the settlement of a statement or a bill of exceptions, but doubtless some convenient and proper mode might be adopted for the preservation and authentication of the evidence, when it was desired to have the proceedings reviewed. Nothing of the kind seems to have been done in this case, and consequently the evidence cannot be certified to this Court. The statute prescribes the mode of procedure in a writ of certiorari, and

46

it contains no provision requiring the inferior tribunal to prepare a statement of the evidence to be annexed to the return in any manner analogous to that required of a Justice of the Peace under the practice formerly prevailing in the State of New York, when it was desired to have his proceedings reviewed by the Court of Common Pleas. There is no case that occurs to us where the evidence in a cause or proceeding goes to the appellate Court, unless the parties interested have prepared a statement or bill of exceptions, and had it settled in proper time and manner.

Motion denied.


SANDERSON, J., and CURREY, C. J., dissenting specially:

We dissent.    (*Blair* v. *Hamilton*, 32 Cal. 49; 14 Cal. 479; 15 Cal. 300.)