# C. S. ROE *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO.

JURISDICTION—PRESUMPTION IN FAVOR OF JUDGMENT—CERTIORARI—CON-
TEMPT—TRIAL.—Upon an application for a writ of *certiorari* to review a
judgment for contempt of Court, the record sought to be reviewed con-
sisted of the affidavits of the facts constituting the contempt, the an-
swer of the party charged, and the judgment for contempt; the last of
which stated that the matter had been regularly heard; and it was con-
tended that witnesses should have been examined in the court below.
*Held:* It does not appear that this course was not pursued.

ID—ID—ID—CORRECTION OF RECORD.—When jurisdiction is once had of th
subject-matter in person, every intendment must be made to support
the judgment. If the record is incorrect, it must be corrected by mo-
tion, or suggestion to the court below.

APPLICATION for writ of *certiorari.*

*J. D. Sullivan* and *Eugene N. Deuprey*, for the Plaintiffs.

No briefs on file.


The COURT:

We have examined the record in this matter, and are of
opinion that the Court had jurisdiction of the subject-matter
and the parties and regularly exercised its jurisdiction.    Our
examination must be confined to the record.   We can go no
further.    The record in this proceeding for contempt before
us is: 1. Affidavits of the facts constituting the contempt.
(C. C. P., § 1211.)  2. Answer of Roe.  (Id., § 1217.)  3d. Judg-
ment adjudging Roe guilty of contempt.

The judgment states that the matter had been regularly
heard, thus showing there was a trial.

It is contended that according to the statute witnesses
must be examined (C. C. P., § 1217), and the judgment must
be on the answer and evidence (Id., § 1218).    That is so,
but it does not appear that this course was not pursued.   The
record must show error, for when jurisdiction is once had
of subject-matter and person, as clearly appeared in this
case, every intendment must be made to support the judg-

ment. Moreover, the production of witnesses might have been waived and Roe might have consented to trying the case on affidavits.

We must take the record as true. If the contrary is the fact, it must be corrected by motion or suggestion to the Court below. This Court cannot alter the record of the Court *a quo*. The record shows, in our judgment, jurisdiction in the Court, and that the Court regularly pursued its authority.

The judgment of the Court below is affirmed.