[No. 11342.　Department One.—April 26, 1888.]

## HUMBOLDT COUNTY, Respondent, v. J. O. DINSMORE, Appellant.

Public Road — Petition — Freeholders. — Under section 2682 of the Political Code, a petition for the construction of a public road need not allege that the petitioners are freeholders of the road district wherein the proposed road is to be constructed, and taxable therein for road purposes.

Id. — Road District — Judicial Notice of Location. — The courts will take judicial notice that a road district alleged to be in Humboldt County is in the state of California.

Id. — Approval of Bond. — An order of the board of supervisors, recognizing the petition for the construction of the road and the accompanying bond as being such as is required by law, and ordering viewers to be appointed, is sufficient evidence of an approval of the bond by the board.

Id. — Order for View — Presumptions. — In the absence of affirmative proof to the contrary, it will be presumed, in support of an order appointing viewers, that the board of supervisors determined the fact that the petition was presented and signed by at least ten freeholders of the road district taxable therein for road purposes, that one of the viewers is a surveyor, and that all of the viewers are disinterested citizens of the county, and not petitioners.

Id. — Notice to Land-owner. — Under section 2685 of the Political Code, the notice required to be given by the viewers to the owner of the land over which the road passes, of the proposed route, need not be in writing.

Id. — Report of Viewers. — Under section 2686 of the Political Code, the viewers are not required to state in their report as a fact that they have ascertained the necessity for the road, or that the same should be opened.

Id. — Survey of Road. — The survey of the road need not appear upon the records of the board of supervisors.

ID. — APPROVAL OF REPORT OF VIEWERS. — The order of the board of super-
visors approving the report of the viewers cannot be collaterally attacked
on the ground that it was made upon insufficient evidence.

ID. — WIDTH OF ROAD. — Under section 2681 of the Political Code, the
board of supervisors has discretion to make the road sixty feet wide.

APPEAL from a judgment of the Superior Court of
Humboldt County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*E. W. Wilson,* and *Wallace Dinsmore,* for Appellant.

*J. D. H. Chamberlain,* and *George W. Hunter,* for Re-
spondent.

FOOTE, C. — This action was instituted under title 7
(seven) of part 3 (three) of the Code of Civil Procedure,
for the condemnation of a strip of land belonging to
Dinsmore, the appellant, alleged to be necessary for and
to be used as a public highway.

Judgment was made and entered for the plaintiff, and
from that, and an order refusing him a new trial, the
defendant has appealed, the case coming here upon the
judgment roll and a bill of exceptions.

It is claimed that the trial court erred in admitting in
evidence the petition for the road, —

1. Because it did not show that the proposed road was
in the road district in which the petitioners reside, or
that it was in the state of California;

2. That it did not describe particularly the road to be
constructed, but only a surveyed line over the general
route thereof;

3. That the petition does not show over what land the
proposed road will run.

In this connection, it may be stated that on the trial
it was admitted by the appellant that the persons who
signed the petition were freeholders within road district
No. 6.

Section 2682 of the Political Code, which defines what must be the character of such a petition, is in this language: —

"Petition must set forth and describe particularly the road to be abandoned, discontinued, altered, or constructed, and if the road is to be altered, laid out, or constructed, the general route thereof, over what lands, who the owners thereof are, whether such of them as can be found consent thereto, and if not, the probable cost of the right of way where such consent is not had, the necessity for and the advantages of the proposed road."

It will be perceived at a glance that the requirements for a proper petition under the statute do not include an allegation that the signing petitioners are ten freeholders of the road district, and taxable therein for road purposes, wherein the proposed road is to be constructed. This was something, therefore, which the board had the jurisdiction to determine as a fact on the hearing of the matter, from the evidence before them, irrespective of the question as to what the petition may have averred. For this reason the first objection to the introduction of the petition is untenable.

It is plain that the road district was in Humboldt County, and that is a county in the state of California of which judicial notice is taken.

We think the petition sufficiently describes the road to be constructed, and over whose land it was to run.

An objection was made to the introduction in evidence of the bond which the statute requires to accompany the petition (Pol. Code, sec. 2683), that it was never approved by the board of supervisors.

The order of the board recognizing the petition and bond as being such as are required by law, and ordering viewers to be appointed, is sufficient evidence of an approval of the bond.

It was also objected to the introduction in evidence of

the order last named, that the board did not possess the power to act on the petition before determining the fact that it was signed by ten freeholders of the road district taxable therein for road purposes; and that the order was void because neither it nor any of the other proceedings of the board show that one of the viewers was a surveyor, and because it is not anywhere shown that the viewers were disinterested citizens, but not petitioners.

These objections were overruled, and an exception taken.

It is undoubtedly true that the board, in order to acquire the right to cause a view and survey of a proposed public road, must first be satisfied that the petition is presented and signed by at least ten freeholders of the road district, taxable therein for road purposes, in which the road is to be constructed, and that a valid order for such view and survey must include in the number of viewers a surveyor, and that all such viewers must be disinterested citizens of the county, and not petitioners. But does it follow, in the absence of affirmative proof to the contrary, that all these matters were not rightfully determined by the board of supervisors when they made the order appointing the viewers? Is not their order in the premises conclusive upon the matter, unless the contrary appears by the record?

It has been held that the board of supervisors, in determining matters of this kind, exercise judicial functions. (*Damrell* v. *San Joaquin Co.*, 40 Cal. 158.)

"An inferior board may determine conclusively its own jurisdiction or power by adjudicating the existence of facts upon the existence of which its jurisdiction or power depends." (*In re Grove Street*, 61 Cal. 453.)

In *Tehama County* v. *Bryan*, 68 Cal. 57, and *Butte County* v. *Boydstun*, 68 Cal. 189, it seems to have been settled, as to those matters of fact which the board of supervisors have jurisdiction to determine, that their judgment is final and conclusive.

Hence we perceive no error in allowing the order of the board appointing the viewers to be introduced in evidence. Besides, upon the point that no surveyor was appointed among the viewers, it affirmatively appears from the record that one was appointed.

It is next objected that the viewers' report was inadmissible upon various grounds, which we will examine.

The viewers did notify the defendant of the proposed road, and he was present when the survey was made, and the statute (Pol. Code, sec. 2685) does not require that notice to be in writing.

In section 2686 of the Political Code (which specifies the particular matters which their report shall contain) we do not perceive that the viewers are required to state as a fact that they have ascertained the necessity for the road, or that the same should be opened. Therefore, the fact that the report did not contain a finding upon those matters did not deprive the board of supervisors of the power to adjudicate in the premises. (*Tehama Co.* v. *Bryan, supra.*)

Taking the report of the viewers and the map of the survey which is returned, and the petition, which is made a part of the report, it is easy to determine with certainty the termini and description of the road.

There is nothing in the law which requires the survey to appear upon the records of the board, hence the objection taken to its introduction in evidence was untenable.

The statute (Pol. Code, sec. 2685) does not require that the defendant shall have notice in writing of the view. And in this case it appears, as before stated, that he was notified personally and was present.

The order approving the report of the viewers is claimed to be void, and objected to as evidence, on grounds now to be considered.

The defendant, the only complaining party in the court below and here, although present when the order

was made, and represented by counsel, made no offer of any evidence against the new road, and therefore the board of supervisors, on such information as was afforded them by the report of the viewers under oath, and papers attached to their report, acted upon matters of fact within their jurisdiction to determine. The sufficiency of that evidence was concluded by the judgment, which cannot be assailed collaterally. (*In re Grove Street, supra.*)

The order of the board of supervisors which approved the report of the viewers was not void for the reason, as alleged, that it included a declaration that the road should be sixty feet wide. The petition, a part of the report, and the survey, show the necessary description of the road, and that it was sixty feet wide. Section 2681 of the Political Code declares that public highways of the kind here involved shall be at least forty feet wide; hence the board in this instance, if it had the power, as it had, to approve the report of the viewers, had the discretion to make the road sixty feet wide.

We perceive no prejudicial error in the record, and the judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.