[No. 12428.    Department Two. — December 28, 1889.]

## G. HAGENMEYER, RESPONDENT, v. BOARD OF EQUALIZATION OF MENDOCINO COUNTY, APPELLANT.

TAXES — EQUALIZATION — INCREASE OF ASSESSMENT — NOTICE OF HEARING — PROOF OF SERVICE BY MAIL — RULES OF BOARD — WRIT OF REVIEW — JURISDICTION. — When proper notice of a hearing before the board of equalization in respect to an increase of assessment has been given by mail, and there is no showing that the notice was not received in fact, if the rules framed by the board, under the authority of section 3673 of the Political Code, do not prescribe any written return, or any especial mode of proof of service of the notice, the fact of service by mail may be established by any proper legal testimony, either oral or in writing; and if the board are orally informed by the clerk that notice was duly mailed, and his oral evidence upon the hearing of a writ of review shows that such was the fact, the jurisdiction of the board to increase the assessment of the party so notified is sufficiently established to prevent the annulling of the increased assessment for excess of jurisdiction.

ID. — LENGTH OF NOTICE — COMPUTATION OF TIME. — When the rules of the board of equalization require a notice to be mailed to each person whose interests are to be affected to appear within seven days from the date of the notice, and show cause why a proposed change specified in the notice should not be made, the time for appearance is to be computed as including the date of the notice; so that a notice mailed on the eleventh day of the month will give the board jurisdiction to act on the 18th of the same month.

ID. — CONCLUSIVENESS OF ORDER OF BOARD OF EQUALIZATION — TAKING OF EVIDENCE. — When the record does not show by affirmative proof that the board of equalization did not act upon evidence before it, its order increasing an assessment after due notice to the party whose interests are affected is conclusive that it did act upon such evidence as was necessary.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*J. M. Mannon, J. Q. White* and *Attorney-General Johnson,* for Appellant.

*Thomas L. Carothers,* for Respondent.

FOOTE, C.—This was an application for a writ of review, the purpose of which was to annul an order of the

board of equalization of Mendocino County increasing the assessment of taxes upon the property of Mr. Hagenmeyer, the plaintiff. The court below seems to have been of the opinion that the board had exceeded its jurisdiction, and ordered that its action in the premises be annulled. From the judgment rendered this appeal is prosecuted.

One question upon which the determination depends, as it appears, is, whether or not the plaintiff had due notice that the board proposed to increase or lower his assessment.

The return to the writ of *certiorari* showed that, according to a rule made by the board, notice as to such matters was to be given by the clerk of that board, "by depositing a circular letter in the United States post-office, addressed to each of the persons whose interests were to be affected, at his regular place of business, with the postage thereon prepaid."

"Said notice to state the valuation placed by the assessor upon the property to be raised or lowered, and the valuation to which said property is proposed to be raised or lowered by said board, and a direction that the owner of such property appear before the board within seven days from the date of the notice and show cause why such change should not be made."

It further showed that, according to the minutes of the board, such a notice was sent to the plaintiff on the 11th of July, 1887. The order increasing his assessment was made on the 18th of the same month and year.

The affidavit of the clerk of the board showed that such notice had been mailed and sent to the plaintiff on that day by the clerk, but according to his evidence, as a witness on the trial, such notice and affidavit proving mailing, etc., were not before the board at the time it made the order; and that he appended his affidavit of proof of mailing, etc., some days after the order was made. He also testified that he had told the board on the day

when the order was made that such a notice had been duly mailed on the 11th of July, 1887. And he thought then, and still thinks from his *memory* of the matter, that he had done so as a matter of fact.

It is a significant circumstance, in this connection, that the plaintiff does not appear and testify that he did not *receive* such a notice.

It is contended that the court erred in not striking out, on the appellant's motion, the copy of the rules of the board with reference to giving notice. As this was made a part of the return, so far as the appellant could make it so, even although it was not properly a part thereof (*Spring V. W. W.* v. *Schottler*, 62 Cal. 69–100), it ought not to be allowed to prevail in its contention that the court abused the discretion vested in it as to such a matter, since the return was made by the appellant's order, and was, so to speak, its pleading in the cause. Beside, as we shall presently perceive, it was to the advantage of the appellant that such was the rule of the board, and it was not prejudiced by the action of the court.

Again, the appellant urges that the action of the court was erroneous in striking out of the return the copy of the circular letter or notice, and the affidavit of proof of mailing, etc., of the clerk of the board. The part of the return thus stricken out was, according to the clerk's evidence, not before the board when the order was made, and the action of the court in striking it out was not prejudicial error. But after it was stricken out, it still appears, by the testimony of the clerk, in support of the recitals of the minutes of the board, that such a notice complying with the rule of the board was, according to his recollection, mailed on the 11th of July, 1887, the date of the notice, to the plaintiff's address at his regular place of business.

The rules of the board (framed under the authority conferred by section 3673 of the Political Code) did not require that any return upon the circular letter mailed

as ordered should be made by any one to the board that such notice had been given, nor that any affidavit of proof or any other action should be taken of a prescribed character, to inform the board that such notice had been mailed, and when.

That proper notice was given by mailing, was left to be shown to the board at the time when it might take action as to the raising or lowering the assessment. This fact could be established by any proper legal testimony, either oral or in writing.

It seems that the board was by the clerk informed that the notice, as required by the rule, had been mailed, and his evidence on this trial shows that it was so mailed. So that it is clear the proper notice was mailed to the plaintiff to his address on the day of its date, the 11th of July, 1887.

But the respondent argues that as the order sought to be annulled was made on the 18th of July, 1887, it did not comply with the rule, *supra*, as to notice; that it was made before the *seven days* had expired within which the plaintiff was cited to appear before the board and "show cause," etc.

The view entertained by the respondent seems to be that he had all of the time intervening between the 11th and the 18th, and including the whole of the 18th, and up to and on the 19th, of July, in which to show cause; and that as the order was made on the 18th it was made too soon.    This contention is declared to be without merit in *Misch* v. *Mayhew*, 51 Cal. 516, where section 12 of the Code of Civil Procedure is construed.

The rule as to the matter of notice in such cases as that in hand is well stated in *Spring Valley Water Works* v. *Schottler*, 62 Cal. 103, as follows: "In our opinion (as intimated in *Patten* v. *Green*, 13 Cal. 330), such tribunals as the boards of supervisors ought not to be held to any great strictness of procedure in the matters above discussed herein, and if, under a rule or an order of such

boards, a party has notice of the intended action of a board of supervisors, sitting as a board of equalization in regard to the assessment of his property, in time to have a full and fair hearing during the sessions of the board, we shall hold such notice to be sufficient, unless it appears affirmatively that a full and fair hearing was denied him by the action of the board. Of course, the rule as to time here laid down is not intended to apply to a case where the law requires a notice of a definite number of days to be given, and no such notice has been given."

Taking the view that the rule of the board in such a case as this is to be regarded as a law upon the question of the kind of notice to be given, and the time within which the party to be affected may appear and be heard, it is clear that the plaintiff had such notice as the law required, and the board had jurisdiction of his person.

The further point is made in favor of the judgment of the court below, that the record does not show that the board took any evidence by which to be guided in raising the assessment, and that under section 3676 of the Political Code it could not, without any evidence, raise an assessment.

The record does not show by affirmative proof that the board did not act upon evidence before it. Therefore its order in the premises is conclusive that it did act upon such evidence as was necessary. (*Humboldt County* v. *Dinsmore*, 75 Cal. 604, 607, 608.)

For the reasons stated, we advise that the judgment be reversed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed.