[No. 13295.     Department One.—October 5, 1894.]

## MARY S. JOHNSTON, APPELLANT, v. THE BOARD OF SUPERVISORS OF GLENN COUNTY, RESPONDENTS.

ROADS AND HIGHWAYS—PROCEEDINGS OF SUPERVISORS—REPORT OF VIEWERS—WRIT OF REVIEW—UNWRITTEN TESTIMONY—EX PARTE AFFIDAVIT.—Upon a writ of review to annul proceedings of the board of supervisors in laying out and establishing a public road, where the return shows that the proceedings were regular and valid upon their face, and that the viewers appointed by the board had reported that they had viewed and surveyed the proposed road, and recommended it to be established and opened, and the report was approved by the board, and there is nothing in the return to show that the board had exceeded its lawful jurisdiction, the return cannot be amended by an *ex parte* affidavit of the clerk of the board that the testimony contradicting the report of the viewers was given before the board of supervisors, where no part of the testimony of witnesses is contained in the return, or shown to have been reduced to writing, or brought before the court of review in any officially authenticated form, as part of the record of the board, and such affidavit cannot be considered as any part of the record upon the return to the writ, and is properly rejected.

ID.—ERRONEOUS FINDING WITHIN JURISDICTION NOT REVIEWABLE.—Where the board of supervisors has acquired jurisdiction to hear and determine questions relating to the report of viewers, and to approve or reject it either wholly or in part, and the report appears to be regular and valid upon its face, and the only question raised in regard to it is as to whether or not the report is true, an erroneous decision of the board upon the evidence, in the exercise of its jurisdiction, is beyond the reach of a writ of review.

APPEAL from a judgment of the Superior Court of Glenn County.

The facts are stated in the opinion.

*Charles L. Donohoe*, for Appellant.

Unless the viewers viewed the road in person, and estimated the damages themselves, and made their own report, the report was not such as would give the board of supervisors jurisdiction either to adopt or reject it, and in adopting such a report the board exceeded its jurisdiction. (*Damrell* v. *Board of Supervisors*, 40 Cal. 154.) Appellant should have been permitted at the hearing in

lower court to correct the return, and show what evidence was introduced before the board in this respect as to the truth or falsity of the allegations contained in the report of viewers, and to show on what evidence the board acted in adopting the report. (*People* v. *Board of Delegates*, 14 Cal. 479; *Lowe* v. *Alexander*, 15 Cal. 300; *Blair* v. *Hamilton*, 32 Cal. 52; *Fraser* v. *Freelon*, 53 Cal. 644.) The appellant is clearly entitled to a writ of review, as the arbitrary action of the board of supervisors, without the exercise of an honest judgment, was a legal fraud, and amounted to a denial of due process of law. (*Los Angeles County* v. *San Jose etc. Water Co.*, 96 Cal. 93; *Spring Valley Water Works* v. *Schottler*, 110 U. S. 354; *Johnson* v. *Milwaukee*, 40 Wis. 326; *Merrill* v. *Humphrey*, 24 Mich. 175; *People* v. *Marx*, 99 N. Y. 377; 52 Am. Rep. 34.) Where a return on a writ of review admits or is silent as to the facts stated in the writ or petition, or the papers on which the writ was granted, then such facts become important, and must be considered and have effect upon the hearing. (*People* v. *Commissioners etc.*, 106 N. Y. 64.) Where the return to a writ of *certiorari* is silent in respect to the averments of the petition, those averments must be taken to be true. (*People* v. *Commissioners etc.*, 106 N. Y. 676.)

*George D. Dudley*, and *F. C. Lusk*, for Respondents.

A writ of review must be heard and determined upon the record alone, and evidence cannot be received to contradict or vary the return. (*Central Pacific R. R. Co.* v. *Placer County*, 34 Cal. 361; 46 Cal. 670; *Roe* v. *Superior Court*, 60 Cal. 93; *In re Grove Street*, 61 Cal. 453; *Reynolds* v. *County Court*, 47 Cal. 604; *Fraser* v. *Freelon*, 53 Cal. 644; *Ex parte Sternes*, 77 Cal. 163; 11 Am. St. Rep. 251; *Hoffmann* v. *Superior Court*, 79 Cal. 476; *De Pedrorena* v. *Superior Court*, 80 Cal. 145; *Sayers* v. *Superior Court*, 84 Cal. 642; *Farmers' etc. Bank* v. *Board of Equalization*, 97 Cal. 327.) The action of the board in laying out the road was purely legislative, and cannot be

inquired into on a writ of review. (*Wulzen* v. *Board of Supervisors*, 101 Cal. 15; 40 Am. St. Rep. 17.)

VANCLIEF, C.—On the petition of plaintiff the superior court of Glenn county issued a writ of review to the defendant board, commanding it to certify and return to that court all its proceedings in laying out and establishing a public road upon plaintiff's land.

It is not disputed that the defendant obeyed the writ by returning certified copies of all matters of record, and all matters required to be recorded relating to the laying out and establishing of said road, showing, among other things, that the board duly appointed three persons—Stockwell, Knock, and Armstrong—as viewers of the proposed road, a majority of whom—Armstrong and Knock—reported to the board that they had viewed and surveyed the proposed road, and that they recommended that it be established and opened. The board approved the report of the viewers, and ordered the road "to be opened as a public road according to law," and declared the amount of damages awarded to each nonconsenting landowner; and that the amount awarded to plaintiff for damages was ten hundred and ten dollars.

The court below found that, in the matter of laying out the road, the defendant had not, in any respect, exceeded its lawful jurisdiction, and thereupon dismissed the writ.

For the alleged purpose of showing that the report of the viewers was null and void the plaintiff on the trial offered as evidence the *ex parte* affidavit of W. H. Sale, clerk of the board, to the effect that, on the hearing of the report of the viewers by the board, he heard Armstrong, one of the signers of that report, testify under oath that he (Armstrong) did not "survey or lay out, or help to view or survey or lay out said road as contained in the report of the viewers upon which said board of supervisors was acting." This affidavit was objected to by defendant on several grounds; the court sustained the objection, and plaintiff excepted.

Whether or not the court erred in excluding Sale's affidavit is the only question properly presented for decision on this appeal. The bill of exceptions shows, however, that after Sale's affidavit was ruled out plaintiff " offered to prove" by additional affidavits and by parol testimony that Armstrong did not view the road, and that the official written report of the viewers was false in that respect; but it does not appear that any witness or additional affidavit was produced or offered for this purpose, nor that there was any ruling by the court or exception by plaintiff relating to this offer.

The bill of exception shows that a day was fixed for hearing the report of the viewers, and notice thereof given, in full compliance with section 2688 of the Political Code, which section, in addition to requiring a day for the hearing to be fixed and notice thereof to be given, further provides: " The board must, on the day fixed for the hearing, or to which it may be postponed or continued, hear the evidence offered by parties interested for or against the proposed alterations or new road, and must ascertain and by order declare the amount of damage awarded to each nonconsenting landowner over whose land they shall order the road to be opened, whether known or unknown, and declare the report of the viewers to be approved or rejected, in whole or in part."

I think it clearly appears that, by virtue of this provision of the code, the board acquired jurisdiction to hear and determine all questions relating to the report of the viewers, and to approve or reject that report, either wholly or in part. That report was regular and valid upon its face, and the only question raised in regard to it was whether or not it was true—a question of fact to be resolved according to the weight of evidence. If, as contended, the conclusion or finding of the board upon this issue was contrary to the evidence, it was merely an error committed in the exercise of unquestionable jurisdiction, and is, therefore, beyond the reach of a writ of review. (*Central Pac. R. R. Co.* v. *Placer*

*County,* 34 Cal. 361; 46 Cal. 670; *Buckley* v. *Superior Court,* 96 Cal. 119; *Farmers' etc Bank* v. *Board etc.*, 97 Cal. 327.)

But even if such an error could have been corrected upon a writ of review, all the evidence applicable to the issue must have been brought before the court of review in some officially authenticated form as part of the record of the board. In this case it does not appear that any part of the testimony of the ten witnesses that appear to have testified before the board was reduced to writing; and though the clerk of the board, W. H. Sale, whose affidavit was rejected, certified that his official return to the writ of review was "a full, true, and correct copy of the original proceedings of the board of supervisors of Glenn county . . . . as the same remain of record and on file in my office," yet no part of the testimony of witnesses is contained in that return; and the court was not asked to order any amended or additional return, but only to make Sale's unofficial affidavit as to what one of the ten witnesses testified a part of the record which he had officially certified to be full, true, and correct.

I think the judgment should be affirmed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

Van Fleet, J., Garoutte, J.

Harrison, J., concurring.—I concur in the judgment. Upon the face of the return to the writ the proceedings of the board of supervisors were regular, and nothing to the contrary is suggested by the appellant. The only point urged by her as error is the refusal of the court to allow the return to be amended by an *ex parte* affidavit that there was testimony before the board of supervisors to the effect that one of the signers of the report did not view or lay out the road. The affidavit did not purport to state that the viewer did not act, but that some per-

sons had stated that he did not act. It needs no argument to show that a return cannot be amended in this manner.

Whether the board of supervisors acquired jurisdiction of the proceedings is a question which is not presented by the record before us, and upon which no opinion should be expressed. I am not prepared to hold that the mere fact of giving the notice required by the statute vests the board of supervisors with such jurisdiction over the proceedings as to preclude the right to show that the purported report, upon which their right to give such notice rests, was never made. This is entirely different from attempting to show that after the jurisdiction had been acquired they decided erroneously upon the evidence before them (*Central Pac. R. R. Co.* v. *Placer County*, 34 Cal. 361), or that evidence was improperly received by them. (*Central Pac. R. R. Co.* v. *Placer County*, 46 Cal. 670.)