[Civil No. 543.    Filed June 11, 1898.]

[53 Pac. 581.]

J. H. HAMPSON, Plaintiff and Appellant, v. FRANK DYSART, Treasurer and ex officio Tax Collector of Graham County, Defendant and Appellee.

1. TAXES AND TAXATION—ASSESSMENT—POWER OF BOARD OF EQUALIZATION TO CHANGE—REV. STATS. ARIZ. 1887, PAR. 2654, CONSTRUED.—
Under the statute, *supra,* one of the powers of the board of equalization is to add to or deduct from the assessment-roll the valuation of property.

2. SAME—SAME—SAME—MUST PROCEED IN FORMAL MANNER—NOTICE—
TIME AND PLACE OF HEARING—TIME MUST BE REASONABLE—WAIVED
BY APPEARANCE.—In the changing of an assessment they must proceed in a formal way, giving notice to the persons interested, naming a day when they will act in the matter, and allowing a reasonable time to appear, but the question whether five days was reasonable or not is waived by the appearance of the party in interest.

3. SAME—SAME—RAISING—EVIDENCE—APPEAL AND ERROR — REVIEW—
RECORD MUST SHOW THAT BOARD ACTED WITHOUT EVIDENCE—OTHER-

WISE ORDER CONCLUSIVE.—The record must affirmatively show that the board acted without evidence; otherwise, its order in the premises is conclusive that it did act on such evidence as was necessary.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Owen T. Rouse, Judge. Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Appellant.

"Every essential proceeding in the course of a levy of taxes must appear in some written and permanent form in the records of the bodies authorized to act upon them. Such a thing as a parol levy of taxes is not legally possible under our laws." *Moser* v. *White,* 29 Mich. 59; *Taymouth* v. *Koehler,* 35 Mich. 25; Cooley on Taxation, 339; *Cardigan* v. *Page,* 6 N. H. 182; *Farrar* v. *Fessenden,* 39 N. H. 268.

"Record is the only evidence, . . . and can be proved in no other way, unless proof of loss of the records." *Paul* v. *Lenscott,* 56 N. H. 347; *Burlington R. R. Co.* v. *Lancaster County,* 4 Neb. 293.

There is no entry at the July meeting as to the assessment of plaintiff whatever—no order requiring the assessor to enter upon the assessment-roll any other property of plaintiff. The evidence of the clerk that the additions in red ink were placed there by the order of the board was incompetent.

The assessment was void because the action was taken without hearing any evidence. *People* v. *Reynolds,* 28 Cal. 113.

Wiley E. Jones, and William H. Lovell, for Appellee.

STREET, C. J.—The appellant, J. H. Hampson, being a non-resident of the territory of Arizona, but having property and possessions in Graham County, Arizona, consisting principally of live-stock and grazing lands, obtained a writ of injunction against the appellee, Frank Dysart, as treasurer and *ex officio* tax-collector of Graham County, restraining him from selling the personal property of appellant in Graham County in satisfaction of taxes in excess of that which was levied upon the basis of assessment made by the county assessor, after tendering to the tax-collector the sum of

$1,970.74, being the amount of taxes·appearing on the assess-
ment-roll made by the county assessor. The board of super-
visors of Graham County, sitting as a board of equalization
in July and August, 1895, at a meeting held on the twenty-
eighth day of August, made an order that the amount of
assessment of property of appellant should be raised as fol-
lows, to wit:—

| | |
|---|---:|
| Raised on farming tools, $40 to $100.......$ | 60 |
| Raised on two wagons, $30 to $80........... | 50 |
| Added 8,000 head of stock cattle........... | 54,000 |
| Added 75 head cow ponies................ | 2,250 |
| Added 50 head stock mares............,...... | 500 |
| Added on land .........................:...... | 1,175 |
| Raised on improvements, $450 to $890...... | 440 |
| Raised on 6 W. mules, $120 to $240........ | 120 |

The assessor had assessed appellant's stock cattle to the
number of seven thousand head at the value of $46,250; he
had assessed the valuation on two wagons at thirty dollars,
and had assessed the number of cow ponies at seventy-five;
had assessed the value of improvements on the land at
four hundred and fifty dollars. Before the raise in valua-
tion was made or property had been added a notice was mailed
to E. A. Cutter, the resident agent of J. H. Hampson, who
appeared before the board of equalization and objected to
the raise either in the amount of stock or the value of the
property assessed by the assessor, which notice is as follows,
to wit:—

"Office of Board of Equalization of the County of Graham.
Solomonville, A. T., July 12th, 1895. J. H. Hampson: You
are hereby notified that the board of equalization, upon due
and sufficient information, have raised the assessed valuation
of your property for the year 1895, in the following par-
ticulars, to wit:

| | |
|---|---:|
| On farm tools, $40 to $100...............$ | 60 |
| On 2 wagons, $30 to $80.................... | 50 |
| On 7,000 to 8,000 head of stock cattle...... | 54,000 |
| On 75 to 150 C. ponies.................... | 2,250 |
| Added 50 stock mares ................... | 500 |
| On improvements, $450 to $890 ........... | 440 |
| On 6 W. mules, $120 to $240............. | 120 |

"The said board will meet at their said office in the said county of Graham on the 17th day of July, A. D. 1895, at 10 o'clock A. M., when you can appear and show cause, if any you have, why your assessment on said property should not be· raised.

"By order of the Board.   MANUAL LEON, Clerk of the Board of Equalization.   L. H. SMITH.

"(Please bring this notice.   *Devuelva esta noticia consigno.*)"

Paragraph 2654 of the Revised Statutes of Arizona provides: "The board of equalization shall have power to determine whether the assessed value of any property is too small or too great, and may change and correct any valuation, either by adding thereto or deducting therefrom, if the sum fixed in the assessment-roll be too small or too great; whether said sum was fixed by the owner or the assessor; and if the board of equalization shall find it necessary to add to the assessed valuation of any property on the assessment-roll, they shall direct their clerk to give notice to the persons interested, by letter deposited in the post-office or express, or otherwise, naming the day when they shall act in that case, and allowing a reasonable time to appear.   And the said board of equalization, on the hearing, are hereby empowered to issue compulsory process and require the attendance of any person or persons whom they may suspect to have a knowledge of the value or amount of such taxable property and examine such person or persons under oath in relation thereto. . . . During the session of the board of equalization the assessor shall be present, and also any deputy whose testimony may be required by the parties appealing to the board, and they shall have the right to make any statement touching such assessment, and produce evidence relating to questions before the board, and the board of equalization shall make use of all the information that they can gain otherwise, in equalizing the assessment-roll of the county, and may require the assessor to enter upon such assessment-roll any other property which has not been assessed; and the assessment and equalization so made shall have the same force and effect as if made by the assessor before the delivery of the assessment-roll by him to the clerk of the board of equalization."

The evidence shows that E. A. Cutter, as agent of appellant,

appeared before the board in pursuance to the notice and demanded of the board that the valuation of the property as assessed by the assessor be not raised, and protested against any property being added by the board to the assessment-roll. No evidence of any kind was taken before the board, nor was E. A. Cutter sworn and examined as to the property of appellant under his charge. The order was made final, except the amount of stock cattle was raised seven thousand head instead of eight thousand. The questions then arise,—first, as to whether the board of equalization had the right to change the valuation of the property as made by the assessor; and second, as to whether they had the right to add, at their own motion, property to the assessment-roll.

Under the reading of paragraph 2654, above cited, it is plain that one of the powers of the board is to add to or deduct from the assessment-roll the valuation of property. In doing so, however, they must proceed in a formal way and give notice to the persons interested, naming a day when they will act in the matter, and allow a reasonable time to appear. Whether the time as allowed in this instance was reasonable or not is not a subject of investigation in this case, for the agent of appellant who had the property in charge did appear. Such power of the board under similar statutes has been upheld by numerous decisions. *Challiss* v. *Rigg*, 49 Kan. 119, 30 Pac. 190; *Fields* v. *Russell*, 38 Kan. 720, 17 Pac. 476; *Pomeroy Coal Co.* v. *Emlen*, 44 Kan. 117, 24 Pac. 340.

It is further urged by appellant that the board of equalization added the seven thousand head of stock cattle, seventy-five cow ponies, and fifty stock mares without having taken any evidence on the question of the number of stock owned by appellant; and that they added the same of their own volition, and as of their own act, without pursuing the statutory method of requiring the assessor to add the same to the assessment-roll. The record in the case does not bear out the assertion of appellant in that particular. There is contained in the transcript a copy of the assessment-roll, in which appears the added property in red figures; and because the record fails to show the method by which the red figures were added, and how the additional number of head of stock was added, the appellant insists that it must be inferred that the board of equalization did that of their own volition, with-

out evidence, and as of their own act. The same matter is decided in the case of *Hagenmeyer* v. *Board*, 82 Cal. 214, 23 Pac. 14, 16, in which the court says: "The further point is made in favor of the judgment of the court below that the record does not show, that the board took any evidence by which to be guided in raising the assessment, and that under section 3676 of the Political Code it could not, without evidence, raise an assessment. The record does not show by affirmative proof that the board did not act upon evidence before it. Therefore its order in the premises is conclusive that it did act upon such evidence as was necessary. *Humboldt County* v. *Dinsmore*, 75 Cal. 604, 607, 608, 17 Pac. 710. The judgment of the district court is affirmed.

Sloan, J., Davis, J., and Doan, J., concur.