[Civ. No. 6342. First Appellate District, Division Two.—May 3, 1929.]

ARTHUR J. LANDTBOM, Respondent, v. BOARD OF FIRE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Appellants.

William A. Kelly for Respondent.

STURTEVANT, J.—The plaintiff was a member of the fire department of San Francisco. He was served with written charges of misconduct and with a notice of the trial of the charges before the defendant board. A trial was had. Witnesses were called, sworn and examined and later the defendant board rendered its decision finding the plaintiff guilty as charged and entered an order dismissing him from the department. On September 24, 1917, the plaintiff applied to the trial court for a writ of review. A return on

said writ was not filed until August 30, 1927. Shortly after the return was filed the plaintiff made a motion for judgment based on the return. The motion was granted and a judgment in favor of the plaintiff was entered. From that judgment the defendants have appealed and have brought up a typewritten record.

The plaintiff claims that the charge placed against him was not proved by competent evidence. The return purports to contain a copy of "The Journal of the Proceedings of the Board of Fire Commissioners," which purports to contain some of the evidence taken by the defendant board, but it likewise appears that it does not contain all of the evidence. When the return was made it showed on its face that it did not include all of the evidence. When that fact appeared the plaintiff was at liberty to apply for "a further return." (Code Civ. Proc., sec. 1075.) If he had done so the question would then have arisen as to whether the evidence taken below had been preserved. If it had been, "a further return" would have been ordered. If it had not been preserved one of two possible situations would have been presented. If "jurisdictional facts" were involved "a further return" would have been ordered for a duty rests on the respondent board at all times so to keep its records as to show the existence of "jurisdictional facts." (*Stumpf* v. *Board of Supervisors*, 131 Cal. 364, 367 [82 Am. St. Rep. 350, 63 Pac. 663].) Again, if the evidence taken before the defendant board was not preserved and if it involved the guilt or innocence of the petitioner, that is, the fact in issue, the trial court would, in its discretion, have had the power to deny the motion. (*Central Pac. R. R. Co.* v. *Placer Co.*, 32 Cal. 582, 584; *Central Pac. R. R. Co.* v. *Placer Co.*, 34 Cal. 352, 361.) ▇ When the plaintiff challenged the sufficiency of the evidence taken before the respondent board, the burden rested on him to produce all of the evidence that the trial court might, from an inspection thereof, see wherein, if at all, it was insufficient. (*Roe* v. *Superior Court of San Francisco*, 60 Cal. 93; *Hagenmayer* v. *Mendocino County*, 82 Cal. 214, 218 [23 Pac. 14]; *Humboldt County* v. *Dinsmore*, 75 Cal. 604, 607, 608 [17 Pac. 710]; *Farmers' etc. Bank* v. *Board of Equalization*, 97 Cal. 318, 325 [32 Pac. 312]; *Johnston* v. *Board of Supervisors*, 104 Cal. 390, 394 [37 Pac. 1046]; *Imperial Water Co.* v. *Supervisors*, 162 Cal.

14, 25 [120 Pac. 780].) ▮ As the record stands it does not show affirmatively that any element of the charge was not proved by competent evidence. Therefore it · cannot be said that the respondent board did not regularly pursue · its authority. (Code Civ. Proc., sec. 1074.) If this is not the rule then actions in *certiorari* may be brought within the period of the statute of limitations to review any determination of inferior boards or tribunals and in ninety-five per cent of the cases the determination of such inferior board or tribunal must be set aside because no law requires the evidence to be preserved and, in fact, it has not been preserved.

▮ The plaintiff asserts that the charges against him were not proved by competent evidence. The return does not show the fact. The most that can be said is that the return shows some competent evidence and does not show an absolute want of competent evidence. We may not assume from the return as made that other competent evidence was not introduced. (*Hagenmeyer* v. *Mendocino County*, 82 Cal. 214, 218 [23 Pac. 14].)

The defendant board cites *Roberts* v. *Police Court*, 185 Cal. 65 [195 Pac. 1053], and contends that even though the evidence was insufficient there is no showing that the defendant board exceeded its jurisdiction. The plaintiff cites *Garvin* v. *Chambers*, 195 Cal. 212 [232 Pac. 696], as laying down a different rule. We do not so read that case. The facts as stated in the majority opinion were these: Garvin, a patrolman, was suspended on a certain charge; he took an appeal from that order; while that appeal was pending his chief withdrew the suspension order and filed an order of discharge on a different ground and based on facts occurring subsequently; of these latter transactions Garvin had no notice. The defendant board held no hearing of the charges, but entered its judgment affirming the *order of discharge*—an order which Garvin had not appealed from and on which he had had no hearing. The court held the defendant board exceeded its jurisdiction. Many similar cases could be cited based on the leading case of *Whitney* v. *Board of Delegates of San Francisco Fire Department*, 14 Cal. 479, 503. The latest is probably *Baar* v. *Smith*, 201 Cal. 87, 100 [255 Pac. 827]. But it is clear that the facts

in the Garvin case were quite different from the facts in the instant case.

For the reasons stated above the judgment is reversed.

Koford, P. J., and Nourse, J., concurred.